UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gregoire M. Nleme,

      Plaintiff,

v.                                          Case No. 15-cv-471 (JNE/TNL)
                                             ORDER

Walden University,

      Defendant.

Plaintiff Gregoire M. Nleme brought this action alleging that defendant Walden University ("Defendant") violated his rights under several federal laws by mistreating him as a student in its Doctoral of Business Administration program. In a Report and Recommendation dated November 25, 2015 ("R&R"), the Honorable Tony N. Leung, United States Magistrate Judge, recommended that the Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a cause of action on which relief may be granted. The R&R recommended dismissing with prejudice Nleme's causes of action under Title IV of the Civil Rights Act of 1964 ("Title IV"), the Equal Educational Opportunities Act of 1974, and the Civil Rights Act of 1991, asserted as Sections 4.1, 4.3, and 4.4 of the Complaint (Dkt. No. 1). It recommended dismissing without prejudice Nleme's cause of action under Title VI of the Civil Rights Act of 1964, asserted as Section 4.2 of the Complaint.[1]

No objection to the R&R was made. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b). Based on that review, the Court ADOPTS the conclusions and reasoning of the R&R [Dkt. No. 25], with the following exception.

---

[1] Nleme's Amended Complaint (Dkt. No. 4) failed to specifically reassert the causes of action alleged in the Complaint, but because Nleme proceeds *pro se*, the Court construes the Amended Complaint liberally as realleging the causes of action previously identified. *See Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

The Court agrees that Nleme has failed to allege facts sufficient to entitle him to relief under Title IV because, as admitted by both parties, Walden University is a private, limited liability company and Nleme has not alleged that Defendant otherwise meets the definition of "public college" under the civil rights statute.  *See* R&R 12.  In the provision that seems most applicable to the facts Nleme has alleged, Title IV authorizes suit where an individual "has been denied admission to or not permitted to continue in attendance at a *public college* by reason of race, color, religion, sex or national origin," if other statutory requirements are met.  42 U.S.C. § 2000c-6 (emphasis added).  Assuming *arguendo* that a private individual can assert a Title IV claim, Nleme has not alleged—apparently because he cannot—that Defendant is a "public college" within the meaning of the statute.  For this reason alone, Nleme's Title IV cause of action should be dismissed with prejudice.  *See* R&R 12-13.  The R&R also concluded that as a matter of law a private individual cannot assert a Title IV claim.  *Id.* at 11.  Because the Court finds that Nleme's Title IV cause of action should be dismissed on other grounds, it does not reach this legal question and does not adopt that portion of the R&R's reasoning.

Based on the files, records, and proceedings herein, and for the reasons discussed above, IT IS ORDERED THAT:

1. Defendant's Motion to Dismiss [Dkt. No. 11] is GRANTED as set forth herein.

2. Nleme's claims under Title IV of the Civil Rights Act of 1964, the Equal Educational Opportunities Act of 1974, and the Civil Rights Act of 1991 are DISMISSED WITH PREJUDICE.

3. Nleme's claim under Title VI of the Civil Rights Act of 1964 is DISMISSED WITHOUT PREJUDICE.

(continued on next page)

4. The Clerk of Court shall mail copies of the November 25, 2015 Report and Recommendation [Dkt. No. 25] and this Order to:

>Gregoire Nleme
>17382-30 Glacier Way
>Rosemount, MN 55068

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 13, 2016

>s/ Joan N. Ericksen
>JOAN N. ERICKSEN
>United States District Judge